[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2009
THOMAS K. KAHN
CLERK

No. 08-15654
Non-Argument Calendar

_____

D. C. Docket No. 08-20032-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL MAKOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2009)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Paul Makos appeals his 37-month sentence for being a convicted felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(2). On appeal, Makos argues that his sentence was substantively unreasonable because the district court failed to adequately consider 18 U.S.C. § 3553(a) factors prior denying his request for a downward variance below the United States Sentencing Guidelines ("Guidelines") range.

## I. BACKGROUND

Makos, a prior convicted felon, pled guilty to the charged offense for possession of one or more firearms and ammunition. During the sentencing hearing, the district court assigned Makos a base offense level of 21 and found the applicable Guideline range to be between 37 and 46 months. Doc. 87 at 59. Makos however, requested that the district court give him a more lenient sentence by granting him a downward variance from the Guidelines range. The government recommended a sentence at the low end of the Guidelines range. The district court agreed and sentenced Makos to 37 months. After review of the record and the briefs, we affirm.

## II. STANDARDS OF REVIEW

We review the district court's decision not to grant Makos a downward variance from the Guidelines range for reasonableness in light of the sentencing

2

factors set forth in 18 U.S.C. § 3553(a). *See United States v. Johnson*, 485 F.3d 1264, 1272 (11th Cir. 2007). We review the reasonableness of a sentence imposed on a defendant for a deferential abuse of discretion. *United States v. Beckles*, 565 F.3d 832, 845 (11th Cir. 2009).

### III. DISCUSSION

As an initial matter, the government's argument that Makos did not object to his sentence on procedural or substantive grounds, and that Makos is only entitled to relief if he can establish plain error affecting his substantial rights, is meritless. In his sentencing memorandum, Makos explicitly asked the district court for a below-Guideline sentence, arguing that such a sentence was justified by the § 3553(a) factors.[1] During the sentencing hearing, Makos again asked the district court for a downward variance. Therefore, Makos has properly preserved the issue on appeal. Thus, the central issue is whether the district court erred in its determination not to lower Makos' sentence below the Guidelines range.

Turning to the merits of the case, Makos does not challenge the procedural

---

[1] In addition to the applicable Guidelines range, Section 3553(a) provides that district courts must consider, *inter alia*, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for adequate deterrence to criminal conduct; (5) protection of the public from further crimes of the defendant; and (6) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

measures taken by the district court when fashioning his sentence.[2]  Rather, Makos argues that although his 37-month sentence is at the low end of the Guidelines range, his sentence is substantively unreasonable.  In support of this argument, he contends that the district court failed to consider whether a downward variance was appropriate based on a totality of the circumstances which includes consideration of the § 3553(a) factors prior to imposing his sentence.  *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007); *see* 18 U.S.C. § 3553(a) (permitting variance pursuant to sentencing factors).  Makos explained to the district court that his prior felony conviction occurred twenty-eight (28) years ago.  He added that most of the firearms at issue in this case were inherited from his father, and they were not intended to further unlawful conduct.  Based on this, Makos argued that it would be unfair to severely penalize him for something that happened so long ago, so a sentence below the Guidelines range is warranted.  The district court found this

---

[2] Generally, if a defendant challenges the reasonableness of the overall sentence, we must consider the correctly calculated advisory Guidelines range and the 18 U.S.C. § 3553(a) factors. *Johnson*, 485 F.3d at 1272.  Therefore, our review for reasonableness consists of two steps. *Beckles*, 565 F.3d at 845; *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  First, we must verify that the district court did not commit a procedural error, such as failing to properly calculate the Guidelines range, failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines, or selecting a sentence based on clearly erroneous facts. *Beckles*, 565 F.3d at 845.  Second, "[i]f the district court did not procedurally err, then we must consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, based on the totality of the circumstances." *Id.* (internal quotes and citations omitted). In the instant case, Makos does not contend that his 37-month sentence is procedurally unreasonable.

4

argument unpersuasive.

Review of a district court's decision regarding downward variances is subject to deference so long as it is reasonable in light of the § 3553(a) factors. *See United States v. Willis*, 560 F.3d 1246, 1251 (11th Cir. 2009). Consequently, this Court grants deference to a district court's decision that the § 3553(a) factors, on a whole, justify the extent of any variance, or its decision to refrain from granting a downward departure. *See Gall*, 552 U.S. 38, 128 S. Ct. at 597.[3] Moreover "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and [this Court] will not substitute [its] judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotations omitted). Since we review the "totality of the circumstances," a district court need not discuss each § 3553(a) factor if the judge imposes a sentence within the Guidelines range. *Pugh*, 515 F.3d at 1191 n. 8. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors is on the party challenging the sentence. *Johnson*, 485 F.3d at 1272.

---

[3] In *Gall*, the Supreme Court advised that an appellate court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *See Gall*, 552 U.S. 38, 128 S. Ct. at 597. Although the court did not deviate from the Guidelines range in the instant case, *Gall* makes clear that district court's decision whether to grant such a variance and its consideration of the § 3553(a) factors is afforded deference.

After review, we conclude that Makos has not met this burden. Contrary to Makos' argument, the record reflects that the district court explicitly considered a number of § 3553(a) factors prior to imposing a sentence. To begin with, the district court expressly stated that it "considered" the "statutory factors," finding that the most "appropriate and reasonable sentence" was 37 months. Doc. 87 at 90. The district court then engaged in an examination of those factors as it applied to Makos' offenses.

Pursuant to the § 3553(a) factors, the district court examined "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district court found that Makos: (1) had been convicted, in 1980, of aggravated assault, kidnaping, and possession of a weapon to commit an offense, and (2) had been convicted, in 2004, of brandishing a firearm. The district court, therefore, observed that Makos had continuously been in possession of firearms in defiance of the law for the past twenty-eight (28) years. This discussion emphasizes the district court's uneasiness with Makos' repetitive history for possessing destructive devices as a prior convicted felon, and the necessity promote respect for the law pursuant to 18 U.S.C. § 3553(a)(2)(A). As such, the district court properly deduced that there was a "real issue here about acceptance of responsibility," and that Makos was devoid of an "appreciation of the danger" to which he exposed others.

6

Doc. 87 at 86. Consequently, it properly concluded that even though there are people who "love him and respect him and appreciate him," Makos' history prompted the district court's concern that his character appeared to be "someone who is willing to endanger the other people living in his condominium to this degree." *Id.* at 92. This is especially true when the convicted felon exposes the weapon, threatening people in their community.

Indeed, as a matter of principle, it is well settled that convicted felons are not permitted to be in possession of firearms, explosive chemicals, or to brandish firearms. Therefore, the district court did not abuse its discretion when it determined that there is a necessity to "protect the public from further crimes of the defendant" pursuant to 18 U.S.C. § 3553(a)(2)(C). In doing so, the district court acknowledged Makos' arguments for a sentence below the Guidelines range.

Additionally, at the sentencing hearing, the district court stated that it was "really worried that Mr. Makos is a danger to the community." Doc. 87 at 90. The district court also noted that because Makos was found to have dangerous chemicals, "the whole building [c]ould have gone up like a bomb, not to speak of the buildings nearby. It's inexplicable. I don't understand it, but it makes me very fearful that Mr. Makos is a danger to the community." *Id.* at 93. In view of the district court's findings, it appropriately rationalized that it could not "in good

conscious to the community" grant Makos a downward variance from the Guidelines range.  *Id.*  In light of the scope and severity of Makos' offenses, we cannot say that the district court imposed an unreasonable sentence by denying Makos' request for a downward variance from the Guidelines.

## IV. CONCLUSION

The record thus reflects the district court's adequate consideration of the § 3553(a) factors.  Accordingly, the district court has not abused its discretion, and we affirm its decision.

**AFFIRMED.**